UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **1039 CONSTANCE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7386** |
| **CHUBB EUROPEAN GROUP, SE** | **SECTION: D(5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) or in the alternative Motion for Summary Judgment Under Fed. R. Civ. P. 56(a), filed by Defendant, Chubb European Group, SE ("Defendant").[1] Plaintiff, 1039 Constance, LLC ("Plaintiff") filed a response in opposition to Defendant's Motion.[2] Defendant filed a reply.[3] Defendant also filed a Supplemental Memorandum in support of its Motion.[4] Plaintiff filed an opposition to Defendant's Supplemental Memorandum, and Defendant filed a reply.[5] After careful consideration of the memoranda, the record, and the applicable law, the Court converts Defendant's Motion into a Motion for Summary Judgment and **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute over a Hurricane Ida insurance claim.[6] Plaintiff owns property located at 1039 Constance Street in New Orleans, Louisiana

---

[1] R. Doc. 10.
[2] R. Doc. 26.
[3] R. Doc. 28.
[4] R. Doc. 24.
[5] R. Docs. 25 and 29.
[6] R. Doc. 1-1 at ¶¶ 3-5. Defendant did not include with its motion a statement of undisputed facts as required by Local Rule 56.1 which renders the filing defective. Plaintiff also failed to comply with the Local Rule. The Court exercises its discretion to consider the Motion and Opposition despite the parties' noncompliance with the Local Rule. Further, unless otherwise indicated, the Court takes its

(the "Property").[7]  Defendant issued an insurance policy bearing policy number 694940 (the "Policy"), covering "the Property against perils, including wind/hurricanes."[8]  Plaintiff alleges that on August 29, 2021, Hurricane Ida significantly damaged the Property and that Plaintiff promptly reported the loss to Defendant.[9]  On or about October 9, 2021, an adjuster for Defendant inspected the Property and documented $148,692.96 in damages.[10]  After adjustments for depreciation and Plaintiff's deductible, Defendant issued Plaintiff a payment of $88,093.51.[11]  Thereafter, Plaintiff retained a public adjuster to inspect the property on its behalf, and the public adjuster ultimately assessed $298,623.04 in damages.[12]  Plaintiff alleges that it sent proof of loss and a demand for this amount on February 23, 2023, but that Defendant has "refused to adequately and timely indemnify [Plaintiff] for its substantial covered loss."[13]

On August 27, 2023, Plaintiff filed suit in Civil District Court for the Parish of Orleans for breach of contract and bad faith penalties pursuant to Title 22, Louisiana Revised Statute, Sections 1892 and 1973.[14]  Defendant timely removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, and the matter

---

facts from Plaintiff's Petition but does not consider the facts undisputed in considering the Motion for Summary Judgment.
[7] *Id.* at ¶ 3.
[8] *Id.* at ¶ 4.
[9] *Id.* at ¶¶ 5-6.
[10] *Id.* at ¶ 8.
[11] *Id.*
[12] *Id.* at ¶¶ 15-16.
[13] *Id.* at ¶¶ 17-19.
[14] *Id.* at ¶¶ 28-52.

was entered into the Eastern District of Louisiana's Case Management Order ("CMO") designed for cases involving Hurricane Ida claims.[15]

On February 20, 2024, Defendant filed the instant Motion, arguing that Plaintiff's conduct during the investigation of the claim precludes it from filing suit.[16] Defendant points to a so-called cooperation clause in the Policy which provides that "[n]o one may bring a legal action against [Defendant] under this Coverage Part unless: . . . There has been full compliance with all of the terms of this Coverage Part."[17] Defendant then argues that Plaintiff failed to submit to an examination under oath, to allow a reinspection of the Property, and to generally cooperate with the investigation of Plaintiff's insurance claim, all of which Defendant argues Plaintiff is expressly obligated to do under the terms of the Policy.[18] Defendant insists it was prejudiced by Plaintiff's failure to cooperate because it was unable to investigate "the cause and scope of the alleged damage to the Property prior to Plaintiff's filing of the Lawsuit," causing it to overpay Plaintiff's claim and stripping it of the opportunity to settle this matter prior to Plaintiff filing suit.[19]

In response, Plaintiff insists that there is no evidence that it refused to allow a reinspection of the Property or to submit to an examination under oath and indeed that Plaintiff's counsel attempted to schedule both with Defendant. Plaintiff attaches to its opposition an email chain showing a nearly three-month period during which

---

[15] R. Docs. 3-5.
[16] R. Doc. 10 at 7-9.
[17] *Id.* at 9.
[18] R. Doc. 10-1 at 9, 15-19.
[19] R. Doc. 24 at 5-6.

3

the parties attempted to schedule a reinspection of the Property, which, due to the Plaintiff's counsel and Defendant's inspector's conflicting schedules, was never scheduled.[20] As to the examination under oath, Plaintiff argues that on February 23, 2023, Plaintiff communicated that it had no objection to naming a representative to sit for an examination under oath and coordinating the logistics of the examination but that Defendant failed to provide any proposed dates for the examination.[21] Plaintiff further insists that even if it failed to allow a reinspection or submit to an examination under oath, Defendant was not prejudiced by either failure because, at the time of Defendant's requests, Defendant "had already inspected the Property, accepted coverage for the Ida Claim, and made an undisputed tender."[22] Regardless, Plaintiff argues that Defendant performed a reinspection of the property after Plaintiff filed this lawsuit and, thus, "the issue of Plaintiff's alleged failure to allow Defendant to reinspect the Property is now moot."[23]

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[24] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[20] R. Doc. 26 at 3-6.
[21] *Id.* at 6.
[22] *Id.* at 19.
[23] *Id.* at 18.
[24] FED. R. CIV. P. 12(b)(6).

4

on its face.'"[25] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[27]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[28] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[29] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[30] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[31]

### B. Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the

---

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[26] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).
[27] *Shandon Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[28] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[29] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[30] *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (internal quotations and citations omitted).
[31] *Maloney Gaming Mgmt., LLC v. St. Tammany Par.*, 456 Fed. App'x. 336, 340–41 (5th Cir. 2011).

movant is entitled to judgment as a matter of law."[32] A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[33] Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[34] When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[35] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[36] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[37]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[38] The nonmoving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact or by "showing that the moving party's evidence is so sheer that it may not persuade the

---

[32] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[33] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).
[34] *Liberty Lobby*, 477 U.S. at 248.
[35] *Delta & Pine Land Co. v. Nationwide Agribus. Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (internal citations omitted).
[36] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[37] *Id.* at 399 (citing *Liberty Lobby*, 477 U.S. at 248).
[38] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).

reasonable fact-finder to return a verdict in favor of the moving party."[39] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[40] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[41]

### III. ANALYSIS

#### A. The Court Converts Defendant's Motion Into a Motion for Summary Judgment.

The Court first considers whether this matter should appropriately be considered as a Motion to Dismiss or as a Motion for Summary Judgment. As noted above, in deciding a Rule 12(b)(6) motion to dismiss, a Court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[42] Under Federal Rule of Civil Procedure 12(d), a Court has discretion to accept and consider materials beyond the pleadings, however, if it does so, the Court must convert the motion to dismiss into a

---

[39] *Id.* at 1265.
[40] *See Celotex*, 477 U.S. at 322–23.
[41] *Id.* at 324 (quoting FED. R. CIV. P. 56(e)).
[42] *Maloney*, 456 Fed. App'x at 340–41.

motion for summary judgment.[43] "A court 'need not advise either party of its intention to' convert the motion. The only requirement is that the non-moving party have at least ten days in which to submit its own evidence.'"[44] This ten-day period "begins running when the non-movant is first put on notice that, based on its acceptance of evidence outside the pleadings, the court could convert the Rule 12(b)(6) motion into a summary judgment."[45]

In support of their positions, both parties offer evidence beyond the pleadings, the majority of which the Court is unable to consider under a motion to dismiss standard.[46] For this reason, and because Plaintiff has had sufficient notice and opportunity to—and did—submit its own evidence in opposition to Defendant's Motion, the Court exercises its discretion and converts Defendant's Motion into a motion for summary judgment.

### B. There Are Genuine Issues of Fact that Preclude Summary Judgment.

Defendant contends that Plaintiff's failure to comply with certain Policy provisions bars it from bringing suit, and therefore, Plaintiff's claims for breach of

---

[43] FED. R. CIV. P. 12(d). *See Mitsui Sumitomo Ins. Co. (H.K.) v. P&O Ports La., Inc.*, No. 07-CV-1538, 2007 WL 2463308, at *2 (E.D. La. Aug. 28, 2007) (internal citations omitted).
[44] *Hodge v. Engleman*, 90 F.4th 840, 845 (5th Cir. 2024) (quoting *Holguin v. U.S. Dep't of Army*, 98 F.3d 1337, at *2 (5th Cir. 1996)) (per curium) (cleaned up).
[45] *Holguin*, 98 F.3d at 2.
[46] Indeed, some of the exhibits offered in support of the parties' arguments—for example, the Policy—could likely be considered under a motion to dismiss standard because they are referenced in Plaintiff's Petition and central to its claims. *See Maloney*, 456 Fed. App'x at 340–41. The exhibits supporting the parties' positions as to whether Plaintiff refused to submit to an examination under oath or a reinspection of the Property are not, however, referenced in Plaintiff's Petition or central to its claims. Nor do these documents fall into any of the other exceptions which would allow the Court to consider them pursuant to a motion to dismiss. *See id.*

contract and bad faith penalty claims must be dismissed. In support of its argument, Defendant points to the following language from the Policy:

> D. LEGAL ACTION AGAINST US
>
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. *There has been full compliance with all of the terms of this Coverage Part,* and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.[47]

Defendant maintains that Plaintiff failed to comply with Policy provisions requiring Plaintiff to permit Defendant to inspect the property "[a]s often as may be reasonably required," to allow Defendant to "examine any insured under oath," and to "[c]ooperate with [Defendant] in the investigation . . . of the claim."[48] Plaintiff does not dispute that the parties failed to schedule a reinspection or an examination oath prior to Plaintiff filing suit. Instead, Plaintiff insists that the failure was due to the parties', and counsel's, conflicting schedules rather than Plaintiff's refusal to cooperate.[49]

"In an insurance contract, the insured's duty to provide information ordinarily arises only under the express policy obligations."[50] "Compliance with insurance policy provisions are conditions precedent to recovery under that policy, which must

---

[47] R. Doc. 10-5 at 50 (emphasis added)
[48] *Id.* at 73-74.
[49] R. Doc. 26 at 18.
[50] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Cagle*, 68 F.3d 905, 912 (5th Cir. 1995).

be fulfilled before an insured may proceed with a lawsuit."[51] Therefore, "failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy."[52] Courts are often hesitant to find that an insured breached the provisions of the policy, however, when the insured offers a "reasonable explanation" for its failure to comply with a cooperation clause.[53]

In addition to demonstrating that the insured breached the policy's cooperation clause, the insurer must show that the breach was both material and prejudicial.[54] "While the Louisiana Supreme Court has not yet affirmatively stated whether prejudice to an insurer must be demonstrated, or whether breach of a cooperation clause can be considered prejudicial as a matter of law, the case law supports a finding that the insurer must demonstrate prejudice."[55] Importantly, "Louisiana law does not regard a cooperation clause as 'an escape hatch that an insurer may use to flee from liability.'"[56] "As such, dismissal of an insured's suit based on a breach of a cooperation clause is a 'draconian remedy which courts do not ordinarily favor.'"[57]

---

[51] *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 Fed. App'x 162, 165 (5th Cir. 2012) (quoting *Mosadegh v. State Farm Fire & Cas. Co.*, No. 07-CV-4427, 2008 WL 4544361, at *3 (E.D. La. Oct. 8, 2008)).

[52] *Mosadegh*, 2008 WL 4544361, at *3; *see also Beasley v. GeoVera Spec. Ins. Co.*, No. 06-CV-7202, 2015 WL 2372328, at *3 (E.D. La. May 15, 2015) ("Louisiana law recognizes that an insured's failure to fulfill his duties under a cooperation clause may provide the insurer with a defense to a suit to recover under the policy.").

[53] *Beasley*, 2015 WL 2372328, at *3 ("But courts have found that an insured's claims are not subject to dismissal when the insured has a 'reasonable explanation' for failing to submit to an [examination under oath]."); *Wright v. Allstate Ins. Co.*, No. 06-CV-485, 2006 WL 3524030, at *3 (W.D. La. Dec. 5, 2006) (denying summary judgment, in part, because "plaintiffs have proffered arguably reasonable explanations for their compliance shortfalls"); *Plain v. Safeco Ins. Co. of Or.*, No. 23-CV-455, 2024 WL 3641364, at *8 n.8 (M.D. La. Aug. 1, 2024) ("In other words, the reasonableness of the insured's conduct is relevant to whether a breach has occurred, as well as any resulting prejudice.").

[54] *Williams v. Lowe*, 831 So.2d 334, 336 (La. App. 5 Cir. 2002).

[55] *Beasley*, 2015 WL 2372328, at *5.

[56] *Id.* at *3 (quoting *Jackson v. State Farm Fire & Cas. Co.*, No. 06-CV-7202, 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010)).

[57] *Id.* (quoting *Lee v. United Fire & Cas. Co.*, 607 So.2d 685 (La. App. 4 Cir. 1992)).

After careful review of all the summary judgment evidence, the Court finds there are genuine issues of fact relating to the reasonableness of any failure on Plaintiff's part to comply with the Policy's cooperation clause. The Court further finds that there are genuine issues of fact related to Defendant's alleged prejudice that resulted from any failure to cooperate. Each of these issues, Plaintiff's alleged failure to cooperate and Defendant's alleged resulting prejudice, are genuine issues of material facts which preclude summary judgment on Plaintiff's breach of contract and bad faith penalty claims. Accordingly, Defendant's Motion must be denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant, Chubb European Group, SE's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) or in the alternative Motion for Summary Judgment Under Fed. R. Civ. P. 56(a), which the Court construes as a Motion for Summary Judgment,[58] is **DENIED.**

New Orleans, Louisiana, August 28, 2024.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[58] The Court notes that even if it had not converted Defendant's Motion, it would have denied the Motion under a Rule 12(b)(6) standard, because the disposition of that Motion would have required evidence that the Court is unable to consider in deciding a Rule 12(b)(6) motion.